20-1844
Martinez Fajardo v. Garland

BIA
Christensen, IJ
A209 218 784/785

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of November, two thousand twenty-two.

PRESENT:
      DENNIS JACOBS,
      PIERRE N. LEVAL,
      RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

_____

ADA CLARIBEL MARTINEZ FAJARDO,
OSCAR OSMIN POLANCO-AGUILAR,
      *Petitioners,*

      v.              20-1844
                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONERS:      Gisela Chavez-Garcia, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Claire L. Workman, Senior Litigation Counsel; John B. Holt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ada Claribel Martinez Fajardo and Oscar Osmin Polanco-Aguilar, natives and citizens of El Salvador, seek review of a May 19, 2020 decision of the BIA affirming a July 11, 2018 decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ada Claribel Martinez Fajardo, Oscar Osmin Polanco-Aguilar,* No. A 209 218 784/785 (B.I.A. May 19, 2020), *aff'g* No. A 209 218 784/785 (Immig. Ct. N.Y. City July 11, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review

2

adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), . . . the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Here, substantial evidence supports the agency's adverse

credibility determination. First, the agency reasonably relied on inconsistencies between Petitioners' testimony and Martinez Fajardo's credible fear interview. *See* § 1158(b)(1)(B)(iii). Petitioners alleged that Martinez Fajardo witnessed a gang murder and that, as a result, the gang members threatened them, sexually assaulted Martinez Fajardo, and beat Polanco-Aguilar. But Martinez Fajardo made inconsistent statements as to whether she saw or only heard the shooting, whether the gang members shot or both shot and stabbed the victims, and where she was when she witnessed the murders. The agency did not err in relying on inconsistent statements from her credible fear interview because the interview record bears the necessary "hallmarks of reliability": the interview was conducted through a Spanish interpreter, Martinez Fajardo did not indicate that she had difficulty understanding the interpreter, she told the interviewing officer why she was afraid to go to El Salvador, and the interview was memorialized in a typewritten document that listed the questions and responses. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). The agency was not required to credit her explanation that she forgot to mention some details at the hearing. *See Majidi v. Gonzales*, 430

4

F.3d 77, 80 (2d Cir. 2005).

Second, the IJ reasonably relied on a discrepancy between Petitioners' testimony and applications. Although they testified that the gang members assaulted Polanco-Aguilar at work, they did not mention that assault in their applications or written statements. The agency was not compelled to credit Petitioners' explanation that Polanco-Aguilar was nervous and reluctant to think about the beating because he prepared the written statement well after his arrival and the beating was the only harm he suffered personally. *Id.; see also Hong Fei Gao*, 891 F.3d at 78-79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances.").

Third, the agency reasonably relied on multiple minor discrepancies about where Martinez Fajardo was when the murders took place, what Petitioners did with their car when they left El Salvador, and who found a threatening note. *See Xiu Xia Lin*, 534 F.3d at 167 ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative

5

effect may nevertheless be deemed consequential by the fact-finder.") (quotation marks omitted).

Given the multiple inconsistencies and the omissions of Polanco-Aguilar's only alleged harm, substantial evidence supports the agency's adverse credibility determination. *See* § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk